**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAUREEN GOVERN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PROSPECT HEIGHTS, and MARK ROSCOE, in his official capacity as Director of Public Works of the City of Prospect Heights,<br><br>Defendants. | Case No. 25 cv 13798<br><br>Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

The City of Prospect Heights cited Plaintiff Maureen Govern for planting a tree and bushes in its right-of-way, a dedicated 12-foot strip of Govern's property that the City has the right to use. Defendants ordered her to remove the plants under the municipal code. Asserting that they selectively enforced Prospect Heights' laws and unlawfully targeted her, Govern now brings an equal protection class-of-one claim under 42 U.S.C. § 1983 and two state law claims for malicious prosecution and a declaratory judgment. Defendants move to dismiss all counts for failure to state a claim.

The Court dismisses Govern's Section 1983 claim without prejudice. Govern failed to identify others who are similarly situated to her but treated differently, and she also failed to demonstrate that Defendants lacked a rational basis for their actions. As a result, her equal protection claim falls short. Without her federal claim, Govern has no additional basis for subject matter jurisdiction. The Court declines to exercise jurisdiction over the remaining state law claims and remands Counts I and II to state court.

**Background**

Maureen Govern has lived at 403 Periwinkle Way in Prospect Heights since 1999. [20] ¶ 7.[1] She is "elderly and disabled" and lives alone. *Id.* ¶ 1. The right-of-way

[1] When evaluating a motion to dismiss, the Court accepts as true all factual allegations in the Complaint. *Heredia v. Cap. Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

on her street extends 12 feet beyond the edge of the pavement in front of and adjacent to her home. *Id.* ¶ 8. For as long as Govern has lived in Prospect Heights, residents have planted trees and bushes in the right-of-way, and at the time of the Complaint's filing, at least 60 other homeowners had done so. *Id.* ¶ 9. Govern currently has a blue spruce, lilac bushes, and three barberry bushes that are at most "one to two feet over her property line" in the right-of-way. *Id.* ¶ 32. She planted the first spruce tree in the right-of-way sometime in the 2000s; after it died in 2020, she planted another blue spruce, a gift from her now-deceased mother. *Id.* ¶¶ 10, 13. Before the current citation at issue, Defendants had not complained or cited Govern for blocking or obstructing the right-of-way. *See id.* ¶ 34.

However, this is not Govern's first dispute with Prospect Heights. In 2022, she fought the City over its plan to excavate part of her property to install a sanitary sewer tap, which she asserted was unnecessary. *Id.* ¶ 14. Govern alleges that during this dispute, Defendant Mark Roscoe, Prospect Heights' Director of Public Works, treated her with animosity and hostility, marking the start of Defendants' animus towards her. *Id.* ¶¶ 14, 23.

This right-of-way dispute began in May 2023, when Govern's neighbors at 401 Periwinkle Way dumped three truckloads of dirt on their lot. *Id.* ¶ 15. This changed the yard's elevation and caused water to pool on Govern's property. *Id.* ¶ 16. Govern complained to Defendants, after which Defendants cited the 401 Owners; however, the flooding issues persisted. *Id.* ¶¶ 16, 21–23. Govern continued to alert Defendants about the flooding, but Defendants took no action because of their animus towards her. *Id.* ¶ 23.

Since she initially protested, Defendants have either noticed or cited Govern three times for her landscaping in the right-of-way:

- On May 6, 2024, after Govern complained about the drainage problems to Defendants that same morning, Defendants sent her a letter advising that her trees and shrubs violated Section 8-1.1 of the municipal code. *Id.* ¶ 23; [20-10]. Defendants came to her property and inspected the flooded area, where they identified Govern's "extension of the flower bed, plantings and fill" as obstructing the flow of water to the storm catch basin. [20-10]. Defendants informed Govern that she needed to remove her plants and regrade the area to provide proper storm drainage. *Id.* Although the notice ordered her to come into compliance with the code by a certain date, Defendants took no further action against Govern at the time. *Id.* ¶ 23; [20-10].

- On June 2, 2025, Defendants cited Govern for violating Section 8-1-1A because she filled and altered the City's right-of-way without approval. *Id.* ¶ 24; [20-11]. Govern filed a motion to dismiss the citation, but Defendants voluntarily dismissed the claim before it was adjudicated. [20] ¶ 27. After the June 2 citation, Govern hired outside civil engineers who concluded that the 401

Owners' changes to the yard's elevation caused the flooding, not Govern's trees and bushes in the right-of-way. *Id.* ¶ 25; [20-12].

- On September 29, 2025, Defendants cited Govern again, this time under Section 8-3-5, for obstructing and blocking the right-of-way. [20] ¶ 28. According to the notice, Govern had 30 days to remove the offending plants, or Defendants would remove them. *Id.* ¶ 30. On October 28, 2025, the parties stipulated that Defendants would not enforce the 30-day notice. *Id.* ¶ 2; [20-3].

In addition to Govern, Defendants have cited four other homeowners in Prospect Heights under Section 8-3-5 for having plants in the right-of-way. *Id.* ¶ 35; [20-19]. Three of these citations were for shrubs, bushes, and other plants, not for a tree like Govern. *Id.* For two of the properties, Defendants required residents only to prune the plants rather than remove them completely. *Id.* One resident, however, did have to remove "plants, bushes, and shrubs" because "there was an actual traffic obstruction." *Id.* According to Govern, she is the only homeowner whom Defendants have singled out for mistreatment and demanded to remove a healthy tree or bushes in the right-of-way. *Id.*

## Legal Standard

To survive a motion to dismiss, a plaintiff must state a claim for relief that is plausible on the face of the complaint. *Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint, the court construes it in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws inferences in the plaintiff's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). Even accepting all well-pleaded facts as true, a plaintiff must still allege enough facts to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A plaintiff does not need to recite every detail related to her allegations. *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). Still, she must assert facts that allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A document that is attached to a complaint as an exhibit is part of the pleadings for all purposes. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); Fed. R. Civ. P. 10(c).

## Discussion

Govern asserts three claims against Defendants: Count I for a declaratory judgment under 735 ILL. COMP. STAT. 5/2-701, Count II for state law malicious prosecution, and Count III for constitutional violations under 42 U.S.C. § 1983. [20]. Defendants move to dismiss all claims under Rule 12(b)(6) for failure to state a claim. Defendants also move to dismiss Count III as to Mark Roscoe, arguing that he is entitled to qualified immunity. Because the Court's jurisdiction hinges on the

viability of her constitutional claim, the Court analyzes Govern's Section 1983 claim first.

## I. Section 1983 Claim (Count III)

In Count III, Govern brings a Section 1983 claim, asserting that Defendants violated her right to equal protection under a class-of-one theory.[2] She claims that Defendants selectively enforced local ordinances against her and treated her differently than other similarly situated homeowners who have plants in the right-of-way. [20] ¶¶ 55–57. In ticketing her, Govern argues that Defendants retaliated against her for standing up for her rights, voicing public opposition to the City's plans, and defending herself in other litigation with Prospect Heights. *Id.* ¶ 58. Defendants counter that Govern has failed to meet the class-of-one claim standard because she fails to 1) identify any other individuals who were similarly situated but treated differently than her and 2) demonstrate that Defendants acted without a rational basis.

The Equal Protection Clause protects individuals against the government's arbitrary classifications, even when that classification singles out just one person for different treatment. *Geinosky*, 675 F.3d at 747. To state a class-of-one claim, a plaintiff must allege that she was intentionally treated differently from others similarly situated and that no rational basis exists for the difference in treatment. *Swanson v. City of Chetek*, 719 F.3d 780, 783–84 (7th Cir. 2013) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

### A. Govern's Comparators

A class-of-one plaintiff will typically allege that the government has not treated her rationally by identifying a comparator, or someone similarly situated who was treated differently. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015). To be similarly situated, Govern and her comparators must be identical or directly comparable in all material respects. *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). This is not a "precise formula," but similarly situated individuals "must be very similar indeed." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004).

In her Complaint, Govern admits that her trees and bushes are in the City's right-of-way (and have been for some years). [20] ¶¶ 13, 32. And, while multiple other

---

[2] While Govern alludes to a procedural due process violation within one paragraph of Count III (*see* [20] ¶ 59), neither party addresses the allegations in their briefing. Instead, both Govern and Defendants characterize Count III as an equal protection class-of-one claim under Section 1983. The Court declines to address an argument that the parties have not adequately made or briefed, nor that was properly pled and identified as a claim in the Complaint. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (stating that perfunctory, undeveloped, or unsupported arguments are waived).

Prospect Heights residents have trees and other plants in the right-of-way—60 according to Govern's allegations—only four (other than Govern) have been ticketed under Section 8-3-5. *Id.* ¶¶ 9, 35; [20-19].[3] She claims that, of these four individuals, Defendants required two to prune back their plants, while one had to remove their plants completely because of an "actual traffic obstruction." *Id.* ¶ 35. Based on these allegations, Govern contends that no other resident has been asked "to remove a healthy tree or property in the right of way" like her. *Id.*

Govern's assertions are incorrect, and her own allegations directly contradict them. On the face of her Complaint, she states that three of the residents cited under Section 8-3-5 had to remove their plants from the right-of-way after Defendants ticketed them, which is exactly what will happen to Govern. Rather than showing that others in Prospect Heights are similarly situated to her but treated differently, Govern's Complaint demonstrates the exact opposite. *See Reget v. City of La Crosse*, 595 F.3d 691, 696 (7th Cir. 2010) (finding that there was no dissimilar treatment when plaintiff pointed to other properties that were treated the same).

Even so, Govern attempts to distinguish herself from the other ticketed residents in various ways. First, she asserts that two of the residents only had to prune their plants back rather than completely remove them. This is an immaterial difference because both pruning and full-plant removal achieve the same objective: ridding the right-of-way of obstruction. Second, Govern emphasizes that the other ticketed residents had to remove shrubs, weeds, or bushes—not a tree, as she will have to. This is also an inconsequential distinction. Removing trees, bushes, flowers, or other landscaping, again all accomplish the same goal: clearing the right-of-way.

What matters for Govern's case is that the essential circumstances are the same across comparator-residents—that is, they all had plants in the right-of-way, Defendants cited them for a Section 8-3-5 violation, and they all had to remove the plants, either in whole or in part, as a result. The violation, code section, citing entity, and remedy are all comparable to Govern's circumstances in all relevant, material respects. *Compare Ciechon v. City of Chicago*, 686 F.2d 511, 522 (7th Cir. 1982) (finding two paramedics were similarly situated where they both experienced the same set of circumstances and were equally responsible for patient treatment), *with United States v. Moore*, 543 F.3d 891, 897–98 (7th Cir. 2008) (finding plaintiff was not similarly situated where comparators were prosecuted by different entities in different forums and received different punishments than plaintiff). Taking the allegations in the Complaint as true, the Court finds that three of the individuals are directly comparable to Govern's situation and were not treated differently than her.

[3] Govern does not assert a time period in her complaint related to these four citations. She learned of these other citations via a FOIA request, which she appended to her Complaint. *See* [20-19]. The FOIA request covered a three-month period from August 1, 2025 to October 2, 2025. *Id.*

Govern therefore fails to provide a comparator and cannot satisfy that prong of the class-of-one test.

**B. Rational Basis**

Govern's inability to identify a comparator, however, does not doom her case, at least not at the motion to dismiss stage. *See Miller*, 784 F.3d at 1120 (affirming that a comparator is not necessary in the complaint). Even without a comparator, Govern's claim can survive as long as she can exclude rational explanations for why Defendants targeted her. *See id.* To do so, she must assert that there is no "conceivable" rational basis for the government's actions, no matter the "actual justification." *Agee v. Hickenbottom*, 182 F.4th 598, 604 (7th Cir. 2026) (quoting *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 781, 686–87 (7th Cir. 2013)). If the complaint reveals a potential rational basis for the government's actions, a plaintiff will have pled themselves out of court. *See Kopp*, 725 F.3d at 686.

At its core, Govern's equal protection claim rests on a theory of selective enforcement. But selective enforcement on its own does not violate the Equal Protection Clause. *Van Dyke v. Village of Alsip*, 819 Fed. App'x 431, 432 (7th Cir. 2020); *see also Hameetman v. City of Chicago*, 776 F.2d 636, 641 (7th Cir. 1985). ("Selective, incomplete enforcement of the law is the norm in this country."). Courts grant municipalities deference when enforcing local codes because those decisions are, by nature, discretionary. *Miller*, 784 F.3d at 1119. The fundamental principle that people are treated the same under like circumstances "is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id.* (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008)); *see also Esmail v. Macrane*, 53 F.3d 176, 178–79 (7th Cir. 1995) (stating that failure to prosecute all lawbreakers, while resulting in unequal legal treatment, has "no standing in equal protection law").

However, incomplete selective enforcement is distinguishable from its more invidious form, motivated not by ineptitude or lack of resources but by retaliation or other discriminatory purpose. *See Esmail*, 53 F.3d at 179. In these instances, a class-of-one claim describes a wrongful act involving treatment that departs from the norm or common practice. *Geinosky*, 675 F.3d at 747. Even so, rational basis review is a low bar that requires only a rational relationship between the disparity of treatment and some legitimate governmental purpose. *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946 (7th Cir. 2009). In fact, as long as there is sufficient evidence of a rational basis for the government's actions, evidence that the government acted out of animosity toward the plaintiff will not overcome the presumption of rationality. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008).[4]

---

[4] The Seventh Circuit has not decided whether pleading malice or other subjective ill intent is required in a class-of-one equal protection claim. *See Del Marcelle v. Brown Cnty. Corp.*,

To demonstrate Defendants' lack of rational basis, Govern likens her case to the plaintiff in *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012). In that case, the plaintiff brought a class-of-one claim against officers from a Chicago police unit who issued 24 bogus tickets to his car over 14 months. *Id.* at 748. These tickets were "inconsistent with others received at the same time, implying, for example, that the Toyota was in two places almost at once or was simultaneously double-parked and parked on the sidewalk." *Id.* at 745. This was an "extraordinary pattern of baseless tickets" that could support a class-of-one claim because no reason could explain why he was targeted that would be a legitimate exercise of government discretion. *Id.* at 748, 749.

Contrary to her assertions, Govern's circumstances are distinguishable from those in *Geinosky* because her Complaint reveals a rational basis for Defendants' actions. According to Exhibit 10 attached to her Complaint, Defendants came to Govern's house after she complained about the flooding from her neighbor's yard. Defendants inspected the area and documented that Govern's plants in the right-of-way obstructed the water's flow to the storm catch basin. They then cited her three times over two years, though two of those were ultimately dropped.[5] Far from an "extraordinary pattern of baseless tickets" as in *Geinosky*, Defendants' conduct here is not harassing but thoughtful. Defendants investigated Govern's complaint, responded with their own assessment, and then enforced compliance with the municipal codes based on that assessment. Even when viewing the allegations in the light most favorable to Govern, Defendants' actions coincide with the City's legitimate interest in keeping the right-of-way clear of obstructions and are a conceivable rational basis for enforcement.

While Govern may disagree with Defendants' position, a mere disagreement does not signify a wrongful act that rises to the level of constitutional harm. *See Geinosky*, 675 F.3d at 748 ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation . . . into a federal case.") (quoting *McDonald*, 371 F.3d at 1002). Indeed, although Govern may be correct that the neighbor's land grade is the true cause of the flooding, under a rational basis review, Defendants do not have to be right—they only have to be rational. *See Phelan v. City of Chicago*, 125 F. Supp. 2d 870, 876 (N.D. Ill. 2000) ("Review under the rational basis test 'is not a license for courts to judge the wisdom, fairness or logic' of the government action.") (citing *FCC v. Beach Comms., Inc.*, 508 U.S. 307, 313 (1993)). While Govern's Complaint establishes that there may be competing technical explanations for the flooding, her disagreement

680 F.3d 887 (7th Cir. 2012) (en banc). In any event, Govern has asserted that Defendants acted with malice and hostility toward her in her Complaint.

[5] Defendants failed to pursue a May 2024 notice and voluntarily dismissed the June 2025 ticket.

does not strip the City of its own documented inspection underlying its decision, and the Court cannot find that Defendants acted arbitrarily.

Nor does it matter that some form of animosity may have motivated Defendants' actions under these circumstances. *See Miller*, 784 F.3d at 1122–23 (finding that officials' animus towards plaintiff could not overcome the existence of a rational basis). "If we can come up with a rational basis for the challenged action, that will be the end of the matter—animus or no." *Fares Pawn, LLC v. Ind. Dept. of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014) (citing *Kopp*, 725 F.3d at 686). As alleged in her Complaint, the facts sufficiently show a conceivable rational basis for Defendants' actions, and Defendants' purported hostility towards Govern does not eradicate that.

Rather than *Geinosky*, Govern's case is more akin to *Van Dyke v. Village of Alsip*, 819 Fed. App'x 431 (7th Cir. 2020). In that case, the plaintiff asserted that the defendants selectively enforced a municipal zoning ordinance that required her to install sprinklers in her rental units. *Id.* at 431. While she admitted that she had not complied with the sprinkler ordinance, the defendants had only enforced it twice since 1973, which, according to the plaintiff, demonstrated a personal vendetta against her. *Id.* at 431–32. The Seventh Circuit disagreed, finding that the defendants' alleged animus did not advance her claim because she cited only selective enforcement as support for their hostility. *Id.* at 432. Because she had admitted that she failed to install sprinklers in her units in violation of the ordinance and the defendants had enforced the ordinance against third parties, the Seventh Circuit concluded she failed to state a class-of-one claim. *Id.* at 432–33.

Like the *Van Dyke* plaintiff, Govern fails to state a lack of rational basis. In *Van Dyke*, the defendants had a rational basis for their actions: enforcing the fire sprinkler ordinances to ensure public safety. So too for Defendants here—they have a rational basis for keeping their rights-of-way clear to ensure proper drainage, which they documented following their own inspection of Govern's property. Also, like the *Van Dyke* plaintiff, Govern has admitted Defendants enforced the ordinances against others, so there is no indication of disparate treatment. Finally, in both *Van Dyke* and Govern's cases, the evidence of code violations provided a rational basis for the defendants' actions, which the existence of animus or hostility could not overcome.

In sum, while Govern paints a picture of a frustrating, multi-year dispute with Defendants, she admits that her landscaping sits within the municipal right-of-way and that the City has cited multiple neighbors for the same offense. Because clearing a public right-of-way to ensure proper drainage is a conceivable government interest, and her tree and bushes are in the right-of-way, the City's actions easily satisfy the

relatively low threshold of rational basis review. Accordingly, Govern has pled herself out of court, and the Court dismisses her equal protection class-of-one claim.[6]

## II. State Law Claims (Counts I & II)

Federal courts can decline to exercise their supplemental jurisdiction over state law claims where no basis for federal jurisdiction exists. *See* 28 U.S.C. § 1367(c)(3). Because the Court has dismissed Govern's Section 1983 claim, and there is no diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over Counts I and II, and those claims are remanded to state court.

## Conclusion

For these reasons, Defendants' motion to dismiss is granted without prejudice. Govern has failed to identify other individuals who are similarly situated to her but treated differently, and she has failed to show that there was no conceivable basis for Defendants' actions. As a result, she has failed to assert a viable equal protection class-of-one claim, and her Section 1983 claim must be dismissed. Govern may refile an amended complaint if she can cure the deficiencies and such an amendment is consistent with its obligations under Federal Rule of Civil Procedure 11. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."). If Govern does not file an amended complaint by October 9, 2026, then the dismissal will automatically convert to a dismissal with prejudice. Without the federal claim, the Court no longer has federal jurisdiction, and it will remand the remaining state law claims to state court.

**SO ORDERED.**

Dated: September 18, 2026

Sunil R. Harjani
United States District Judge

[6] Since the Court has dismissed Plaintiff's Section 1983 claim against both Defendants, it does not need to address Defendants' qualified immunity defense for Mark Roscoe.